IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE NICOLE ERENDS,

    Petitioner,                    No. 2:12-cv-2603 KJM CKD P

  vs.

D.K. JOHNSON,

    Respondent.              <u>ORDER</u>

_____/

       Petitioner, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her 2008 conviction in the Placer County Superior Court on the charge of first degree murder with a lying in wait special circumstance and an enhancement for use of a deadly weapon. Petitioner has filed a motion to proceed in forma pauperis (Dkt. No. 11) and a motion for a stay holding her petition in abeyance while she exhausts state court remedies on three of her five claims. (Dkt. No. 9.)

I. <u>In Forma Pauperis</u>

       Petitioner has submitted a declaration that makes the showing for in forma pauperis status. Accordingly, the request to proceed in forma pauperis will be granted.

/////

/////

1

II. <u>Exhaustion/ Motion to Stay</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986). The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. <u>Picard</u>, 404 U.S. at 277-78. Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996).

In addition, the United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. <u>Id.</u>

Petitioner raises five grounds for relief in her petition. Petitioner has exhausted state court remedies on grounds four and five, but has not exhausted grounds one, two and three. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. As presented, the petition must be dismissed. Although petitioner's December 5, 2012 motion to stay is pending, her motion does not sufficiently demonstrate that a stay is warranted as required by <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), discussed below.

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

In <u>Rhines</u>, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit, and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. <u>Rhines</u>, 544 U.S. at 277-78. Here, petitioner does not show good cause for her failure to exhaust. She states only that she "had trouble obtaining Superior court transcripts and other supportive records...." (Dkt. No. 9 at 2.) This single sentence, without more, does not sufficiently explain why petitioner was unable to exhaust grounds one, two, and three prior to filing her federal petition. If seeking a stay pursuant to <u>Rhines</u>, petitioner must show good cause for failure to exhaust and also that grounds one, two and three potentially have merit.

As an alternative to making the showing under <u>Rhines</u>, petitioner may wish to make a request for a stay pursuant to <u>King v.Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) (citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003)). Pursuant to the <u>Kelly</u> procedure, (1) a petitioner amends her petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends her petition and re-attaches the newly-exhausted claims to the original petition. <u>Kelly</u>, 315 F.3d at 1070-71. The <u>Kelly</u> stay-and-abeyance procedure has neither requirement of a good cause showing or that the claims are potentially meritorious. However, using the <u>Kelly</u> procedure means that the newly-exhausted claims set forth in any amended petition must relate back to the claims in the stayed petition; in other words, "the <u>Kelly</u> procedure, unlike the <u>Rhines</u> procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." <u>King v. Ryan</u>, <u>supra</u>, 564 F.3d at 1141.

Accordingly, petitioner must either file additional briefing or an amended petition within 30 days. That is, if she wishes to proceed on her mixed petition, she must file briefing

addressing the <u>Rhines</u> factors, clearly identifying both the exhausted and unexhausted claims, showing good cause for her failure to have first exhausted the claims in state court, that the claims at issue potentially have merit and that there is no evidence she has been intentionally dilatory in pursuing the litigation. In the alternative, petitioner may elect to proceed with a stay request as outlined in <u>King v.Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) citing <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), by filing an amended petition containing only exhausted claims. Should petitioner do nothing, her mixed petition will be dismissed pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 11) is granted;

2. Within 30 days petitioner must either file briefing addressing the <u>Rhines</u> factors, or file an amended petition containing only exhausted claims. Petitioner is cautioned that if she fails to either file briefing addressing the <u>Rhines</u> factors or file an amended petition containing only exhausted claims, her mixed petition will be dismissed pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509.

Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
eren2603.103mix

4