IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE NICOLE ERENDS,

      Petitioner,                        No. 2:12-cv-2603 KJM CKD P

   vs.

D.K. JOHNSON,

      Respondent.                    ORDER STAYING PETITION

_____/

        Petitioner, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At issue is her 2008 conviction in the Placer County Superior Court on the charge of first degree murder with a lying in wait special circumstance and an enhancement for use of a deadly weapon. Petitioner's multiple motions for a stay, requesting the court to hold her petition in abeyance while she exhausts state court remedies, are pending. (Dkt. Nos. 9, 13, 14.)

        Petitioner's original petition raised five grounds for relief, however, each claim was not exhausted as required by Supreme Court precedent. See Rose v. Lundy, 455 U.S. 509 (1982) (holding that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised). On December 5, 2012, petitioner filed a motion for a stay allowing her to exhaust state court remedies on the unexhausted claims.

1

1    On January 25, 2013, petitioner was directed to inform the court with more
2 specificity as to how she wished to proceed.  In particular, petitioner was informed that if she
3 wished to seek a stay of the mixed petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005),
4 she would have to show good cause for her failure to have first exhausted all claims in state
5 court, and that the unexhausted claims potentially have merit.  Petitioner was presented with the
6 alternative procedure of requesting a stay of an amended petition containing only exhausted
7 claims pursuant to King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d
8 1063 (9th Cir. 2003)).  Petitioner was informed that the Kelly procedure did not require her to
9 show good cause, but also cautioned that it would not protect her unexhausted claims from
10 becoming untimely in the interim.  See King, 564 F.3d at 1141.

11    On January 28, 2013, petitioner filed her second motion to stay.  It appears,
12 however, that this motion was sent to the court prior to petitioner's receipt of the court's January
13 25, 2013 order.  On March 1, 2013, the court received petitioner's third motion to stay electing to
14 proceed pursuant to the procedure outlined in King v. Ryan, 564 F.3d 1133 (citing Kelly v.
15 Small, 315 F.3d 1063).  Good cause shown, the motion will be granted.

16    In accordance with the above, IT IS HEREBY ORDERED that:

17    1. This case shall proceed on the first amended petition filed on March 1, 2013
18 (Dkt. No. 15);

19    2. Petitioner's March 1, 2013 motion for a stay and abeyance pursuant to the
20 procedure outlined in King v. Ryan, 564 F.3d 1133 (citing Kelly v. Small, 315 F.3d 1063) (Dkt.
21 No. 14) is GRANTED and this case is hereby STAYED pending petitioner's exhaustion of state
22 court remedies on her other claims;

23    3. Petitioner's December 5, 2012 and January 28, 2013 motions to stay (Dkt. Nos.
24 9, 13) are rendered moot and are DENIED on that basis; and

25 \\\\\
26 \\\\\

4.  Within 30 days of the conclusion of state court exhaustion proceedings, petitioner shall either seek to amend her petition to add the newly exhausted claims back in or otherwise notify this court that state court exhaustion proceedings have concluded.

Dated: March 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
eren2603.stay